**MANSFIELD JOURNAL CO., Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13833.**

United States Court of Appeals
Sixth Circuit.

Feb. 5, 1960.

Morris Berick of Halle, Haber, Berick & McNulty, Cleveland, Ohio (Francis E. Kane and Morris Berick, Cleveland, Ohio, on the brief), for petitioner.

Joseph Kovner, Dept. of Justice, Washington, D. C. (Charles K. Rice, Lee A. Jackson, I. Henry Kutz and Joseph Kovner, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SIMONS, MARTIN and CECIL, Circuit Judges.

MARTIN, Circuit Judge.

This is a petition for review of a decision of the Tax Court of the United States finding deficiencies in the petitioner's income tax for the taxable years 1951 and 1952 in amounts of $41,041.72 and $13,930.69, respectively. The question presented is whether considerations paid for the assignments of the right to purchase newsprint under a long-term contract are taxable as capital gains, or as ordinary income.

Mansfield Journal Company, petitioner, is a daily newspaper publishing corporation in Mansfield, Ohio, owned at the crucial time by S. A. Horvitz and I Horvitz, who also owned the Lorain Journal Company, a separate corporation publishing a daily newspaper in Lorain, Ohio. Petitioner's income was reported on an accrual basis, which conformed to its method of bookkeeping.

In the newspaper publishing business, it is necessary that the publisher be assured of a continuous supply of newsprint. So, in order to obtain a ten-year contract for a supply of one thousand tons of newsprint annually at reasonable cost, petitioner entered into an agreement with Coosa River Newsprint Company. Simultaneously, the publishing company entered into a separate contract with Coosa River to purchase two thousand shares of that company's stock at fifty dollars per share, or a total consideration of $100,000. The manner of fixing the price of each shipment of newsprint was set out in the supply contract; and, although the Lorain Journal Company could take deliveries thereunder, petitioner's rights under the contract could not be assigned to others without the good-faith consent of the Coosa River Company.

During 1950 and 1951, the petitioner assigned its rights to receive portions of the newsprint tonnage under the supply contract to four other newspaper publishlishing companies: Kansas City Star Company; Brush-Moore Newspapers, Inc.; Beacon Publishing Company; and Lorain County Printing and Publishing Company. The last-named company is not connected with the Lorain Journal Company. These assignments were made with the consent of Coosa River Newsprint Company.

At no time did the Mansfield Journal Company take delivery or possession of the newsprint assigned. In each case, the assignee paid to Coosa River directly the amount which petitioner would have paid for the same paper under the supply contract; and, with the exception of the Kansas City Star Company, each assignee paid to the petitioner an additional sum as consideration for the assignment.

These payments were reported as long-term capital gains from the sale of "contract rights" in petitioners' 1951 and 1952 income tax returns. The respective amounts reported were $73,617.43 and $22,237.83, representing the full amounts received by petitioner as consideration for the assignments of the "contract

rights" in 1950 and 1951. The basis of the rights sold was stated on the returns to be zero. The Commissioner and the Tax Court determined that the sums received by petitioner from its various assignees in 1951 and 1952 were ordinary income under section 22(a) and not capital gains under section 117(a), 26 U.S. C.A. §§ 22(a), 117(a), as reported.

■ The ten-year contract between Coosa River Newsprint Company and the petitioner, whereby the former agreed to supply newsprint to the latter, is in the nature of a commodity future: it was a contract to purchase at future dates a fixed amount of newsprint at a determinable price, in order to protect petitioner against erratic prices and a lack of availability of newsprint.

This supply contract provided the petitioner with business-risk protection, in that it gave assurance that the publishing company would not be forced to buy newsprint for its business at uncertain spot-market prices, or that it would not be entirely deprived of a supply. The contract was unalterably tied in with and related to petitioner's publishing business. The contract for newsprint supply cannot reasonably be considered an "investment" by the Mansfield Journal. The petitioner's contention that the contract with the Coosa River Company was separate from its publishing business is not supported by the record. The motive of Mansfield Journal Company in obtaining the contract appears to have been, not that of a capital investor, but that of a far-sighted manufacturer. See Grote v. Commissioner, 41 B.T.A. 247.

Corn Products Co. v. Commissioner, 350 U.S. 46, 47, 50–53, 76 S.Ct. 20, 100 L.Ed. 29, is in point. It was there held that a manufacturer of corn products which bought and sold corn futures as an integral part of its manufacturing business, but not as "true hedges", was not engaging in capital-asset transactions under section 117(a) of the Internal Revenue Code of 1939; and that gains and losses from such transactions gave rise to ordinary income and ordinary deductions. The futures purchases not only protected the manufacturer from an increase in price, but also insured a source of supply of corn. It was held that, while the Corn Products Company had "purchased partial insurance against its principal risk", gains from such program "closely geared to a company's manufacturing enterprise or more important to its successful operation" should come under ordinary income, by reason of the intention of Congress that "profits and losses arising from the everyday operation of a business be considered as ordinary income or loss rather than capital gain or loss."

■ The preferential tax treatment given capital gains carries with it the implication that the definition of a capital asset should be construed narrowly and its exclusions interpreted broadly. Corn Products Co. v. Commissioner, supra; Burnet v. Harmel, 287 U.S. 103, 108, 53 S.Ct. 74, 77 L.Ed. 199; Hort v. Commissioner, 313 U.S. 28, 31, 61 S.Ct. 757, 85 L.Ed. 1168; Kieselbach v. Commissioner, 317 U.S. 399, 403, 63 S.Ct. 303, 87 L.Ed. 358.

We agree with the decision of the Tax Court that the consideration received by the petitioner, Mansfield Journal Company, for each of the assignments herein is taxable as ordinary income under section 22(a) and not as long-term capital gain under section 117(a).

The decision is, accordingly, affirmed.