**F. W. DRYBROUGH et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 17355.

United States Court of Appeals
Sixth Circuit.

Oct. 31, 1967.

Rucker Todd, Louisville, Ky. (John T. Bondurant, Louisville, Ky., on the brief; Brown, Ardery, Todd & Dudley, Louisville, Ky., of counsel), for petitioners.

William A. Friedlander, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This case is before the Court on petition of F. W. Drybrough and the Estate of Marion S. Drybrough, Deceased, to review a decision of the Tax Court. Deficiencies in the joint tax returns of F. W. Drybrough and his wife Marion, for the years 1959 and 1960, are involved. On March 2, 1959, F. W. Drybrough, whom we will refer to as the Taxpayer, sold the assets of a proprietorship known as "United Mercantile Agencies" to United Mercantile Agencies, Inc.

The sole question presented on this review is whether certain assets known as Gold Files and Green Files were capital assets so that gain from their sale should be treated as capital gain for income tax purposes.

The nature of the taxpayer's business was the collection of claims of indebtedness. The principal part of this business was the collection of claims for others. Along with this part of the business, the taxpayer purchased claims at a discount which he owned and collected on his own account. These claims were classified as those of highest quality and those of very poor quality. The papers in connection with the claims of highest quality were kept in yellow manila folders and were

---

thus called Gold Files. The papers pertaining to the claims of poor quality were kept in green folders from which they derived the name of Green Files. The facts are fully stated in the Findings of Fact and Opinion of the Tax Court reported at 45 T.C. 424.

The Tax Court found that these assets know as Green and Gold Files fall within the exclusion of Section 1221(1) of the Internal Revenue Code of 1954 (Section 1221(1), Title 26, U.S.C.), and are not capital assets.

We affirm the decision of the Tax Court on the authority of Corn Products Refining Co. v. Commissioner of Internal Revenue, 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29, rehearing den. 350 U.S. 954, 76 S.Ct. 297, 100 L.Ed. 823, and Mansfield Journal Co. v. Commissioner of Internal Revenue, 274 F.2d 284 (C.A. 6).