374 So.2d 458 (1979)
CITY OF SARASOTA, Florida, a Municipal Corporation, Appellant,
v.
John W. MIKOS, As Property Appraiser for Sarasota County, Florida, Appellee.
No. 53658.
Supreme Court of Florida.
June 7, 1979.
Rehearing Denied September 4, 1979.
*459 William M. Hereford, of Strode, Hereford & Taylor, Sarasota, for appellant.
John C. Dent, Jr., of Dent & Pflugner, Sarasota, for appellee.
Ralph A. Marsicano, Gen. Counsel, Tampa, and Claude L. Mullis, Staff Atty., Tallahassee, for Florida League of Cities, Inc., amicus curiae.
Jim Smith, Atty. Gen., and Maxie Broome, Jr., Asst. Atty. Gen., Tallahassee, for State of Florida Department of Revenue, amicus curiae.
OVERTON, Justice.
This is an appeal from a final judgment of a circuit court construing article VII, section 3(a), Florida Constitution, and holding that vacant property owned by the City of Sarasota was not exempt from county ad valorem taxation. We have jurisdiction[1] and reverse.
If the holding of the trial court were allowed to stand and were implemented statewide, it would have a substantial effect on the taxing structure of both city and county governments and would destroy the balance and equality of treatment established in the 1968 constitution for local governmental units.
The record reflects that at the time of the suit, the appellant City of Sarasota owned certain vacant real property within its municipal boundaries. The city held this property either as open space or in reserve to meet future public needs. Prior to 1977 the property had been totally exempt from ad valorem taxation. In 1977 appellee Mikos, the property appraiser for Sarasota County, denied the exemption on these properties on the ground that they were vacant and, therefore, not in use for a municipal or public purpose as required by chapter 196, Florida Statutes (1977), and article VII, section 3(a), Florida Constitution.
The city exhausted its administrative remedies and filed this action to cancel the assessment and to enjoin the collection of the taxes. The property appraiser filed a motion to dismiss the complaint on the ground that the city had not alleged any "actual present use of the property as being used exclusively for municipal, public, or governmental purposes." The circuit court granted the motion, construing article VII, section 3(a), Florida Constitution, "to require activity upon or an active use of lands owned by a Florida municipal corporation on January 1 of each year in order for those lands to be exempt from ad valorem taxation."
The city argues that our construction of the constitutional section involved should be neither technical nor liberal but should attempt to give effect to the section's purpose as indicated by a fair interpretation of the language. It asserts that the obvious purpose of the section is to grant municipalities a tax exemption and that an interpretation of article VII, section 3(a), which limits the discretion of municipalities to hold vacant land in the public interest, would conflict with the home-rule powers given to municipalities *460 in article VIII, section 2(b), Florida Constitution.
The city further argues that requiring an active use of land is not a prerequisite for an exemption. It contends that the constitution requires only that property be used exclusively for municipal or public purposes and that holding unimproved land for future use or open space is a use of land for a public purpose.
In response to the city's arguments, the property appraiser contends that an actual active public use of property as of January 1 each year is necessary for municipal property to be exempt from ad valorem taxes. He bases this contention on his interpretation of the "actual use" doctrine previously adopted by this court. E.g., Dade County Taxing Authority v. Cedars of Lebanon Hospital, 355 So.2d 1202 (Fla. 1978); Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972).
The property appraiser also asserts that the legislature intended to allow the municipal tax exemption only for property that is in active use and not for property intended for public use at a future date. The basis for this assertion is that former section 196.191(2), Florida Statutes (1969), allowed an exemption for property that was "intended for public purposes." This section was repealed in 1971, and its replacement, section 196.199(1)(c), Florida Statutes (1977), does not expressly allow an exemption for property intended for public use. It is the appraiser's view that this change shows legislative intent to eliminate the exemption for municipal property which did not have an active public use as of January 1. The property appraiser further asserts that the city need not hold vacant land for future public needs because condemnation and zoning are available for those purposes, and that the municipality must designate, request, and prove the public purpose of vacant land.
We reject the contentions of the property appraiser. Article VII, section 3(a), Florida Constitution, provides:

All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation. A municipality owning property outside the municipality, may be required by general law to make payment to the taxing unit in which the property is located. Such portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation. [Emphasis added.]
The proper resolution of the question before the court depends upon the meaning of the phrase "used exclusively by it for municipal or public purposes." Although we agree that the actual use rather than the intended future use of the property on the assessment date controls, the issue is whether the vacant property in question owned by the City of Sarasota was actually "used" for the required "public purposes."
A reading of section 3(a) of article VII clearly establishes that it is a self-executing provision and therefore does not require statutory implementation. The change in the language of chapter 196 is irrelevant because although a statute may grant additional exemptions, it may not repeal the exemptions granted municipalities by the constitution. In our view, the city's holding of vacant land to meet the future needs of the public and to preserve natural open spaces is not a private use. We do not believe municipalities are required to dedicate land for a particular purpose, construct buildings, or otherwise be active on their land in order to maintain the tax exempt status of the property. Neither the constitution nor common sense requires there be an active use of such property. We hold that vacant land held by a municipality is presumed to be in use for a public purpose if it is not actually in use for a private purpose on tax assessment day. This holding eliminates the need for a city to designate a use and prove a public purpose for all vacant land each year, as demanded by the property appraiser. In this case, our holding requires a finding that the vacant land set aside by the City of Sarasota for parks and open spaces or held in reserve for future public needs met the use test for *461 public or municipal purposes on January 1, 1977, as required by the constitution.
We recognize that property owned by a municipality is not exempt from taxation if it is used for a private purpose. See Panama City v. Pledger, 140 Fla. 629, 192 So. 470 (1939) (land leased to a private corporation is not in use for a public purpose); City of Bartow v. Roden, 286 So.2d 228 (Fla.2d DCA 1973) (land leased to a private enterprise for nonaeronautical activities is not in use for public purpose); Illinois Grain Corp. v. Schleman, 144 So.2d 329 (Fla. 2d DCA 1962) (land leased to a private corporation is not in use for a public purpose). None of these cases even imply that unimproved vacant land owned by a municipality falls within the category of land held for a private purpose.
If the contentions of the property appraiser were adopted, the tax burden of county residents would be reduced at the expense of city taxpayers. This result is contrary to the purpose of our present constitution which provides that each local governmental entity shall have the same basic taxing authority, shall pay its own way, and shall not receive benefits at the expense of another local governmental unit. This philosophy is illustrated by article VII, section 9(b), which specifies that counties, school boards, and municipalities may tax up to a maximum of ten mills each; by article VIII, section 1(h), which prohibits the taxation of residents of municipalities for services rendered by the county exclusively for the benefit of residents in unincorporated areas; and by article VII, section 3(a), which provides that the legislature may require a municipality owning property outside the municipality to make payment to the taxing unit in which the property is located. Each of these provisions is designed to assure a fair tax structure for the taxpayers residing in each local government's jurisdiction and to prevent one local government from being unjustly benefited at the expense of another.
For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.