Argued and submitted May 7, affirmed June 25, 1985

# SIMPSON,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

## (TC 1837; SC S31186)

702 P2d 399

Patrick J. Kouba, Eugene, argued the cause for appellant.

With him on the briefs were Brian D. Stine and Atherly, Butler & Burgott, Eugene.

G. F. Bartz, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

ROBERTS, J.

Lent, J., concurred and filed an opinion in which Campbell, J., joins.

## ROBERTS, J.

We are asked to decide whether certain items of personal property owned by plaintiff taxpayer are exempt from personal property taxation.

ORS 307.400(2)[1] provides an exemption from ad valorem taxation for property that is inventory of a business. For purposes of this exemption, subsection (3) provides that "inventory" includes, among other things:

"(f) *Items of tangible personal property* described as materials, supplies, containers, goods in process, finished goods and other personal property owned by or in possession of the taxpayer, *that are or will become part of the stock in trade of the taxpayer held for sale in the ordinary course of business."* (Emphasis added.)

Taxpayer is the owner of three Insley tractors which he purchased in 1978 after they were used on the Alaska pipeline. The Lane County assessor treated the tractors as personal property subject to taxation for the 1981 tax year. Taxpayer appealed the assessor's action and after a hearing the Department of Revenue found that the assessor had properly classified the tractors as subject to taxation. Taxpayer appealed to the Tax Court. The Tax Court made the following statement regarding the facts:

"The plaintiff testified at trial that he has 'dealt in equipment' since 1955 and that in particular he traded some two dozen items of equipment in 1978 and 1979, including some welders, trucks, compressors, turbos, truck frames for cats, tractors and at least one tree planter. He further testified that he purchased all such items for resale, save a tree planter which he used himself.

"The Assessor testified that he could ascertain none of the usual indicia of conducting a business such as an office, yellow page listing or consistent advertising.

"The Assessor further testified he examined the plaintiff's tax returns and noted that he had not reported any equipment as inventory on any of his returns from 1976 to 1981. For these reasons, the Assessor disallowed plaintiff's claim that these items were inventory.

"However, plaintiff offered in evidence several copies of

---

[1] ORS 307.400 was formerly ORS 310.608.

ads in a heavy equipment catalog showing 'K. Simpson' or 'Kearney Simpson' offering various items of equipment for sale. These ads were received in evidence over defendant's objection as Exhibits B through G. The ads are on pages variously dated from December, 1981 through June, 1982. The plaintiff further offered receipts for ads that he stated he ran in other publications in December, 1981 and June and July, 1982. The contents of these ads are not in evidence. Plaintiff offered and the Court received a copy of an assumed business name registration for 'Simpson Equipment Sales' dated July 27, 1979 and naming Kerney Simpson as sole party in interest. This registration was received without objection as Exhibit M. The plaintiff testified that he had no regular business office or business cards and was not a member of any pertinent business association.

"It is noted that although plaintiff had the assumed business name, he seemed to make no use of it. There was no evidence of any sort of business stationery or checks using that name in any way and the ads did not emphasize the assumed business name or even refer to it."

The Tax Court affirmed the Department of Revenue stating that "on balance this [taxpayer] was casually engaged in the speculative acquisition of various items for possible resale for anticipated profit but the [taxpayer] did not acquire or seek to sell the three crawler tractors here in the 'ordinary course of business.'"

In reaching this conclusion the Tax Court analyzed the problem as follows:

"In approaching this case, the Court distinguishes between the ordinary course of business and casual sales conducted sporadically for profit. There are no defined minimum standards for an ordinary course of business for these purposes, but the Court assumes that any person or entity seeking the advantage of the exemption provisions of ORS 307.400 needs to establish that there is an ongoing enterprise which consistently and systematically undertakes to acquire and then to sell inventory items. Factors to be considered as to whether such acquisitions and sales are sufficiently shown would include, but not be limited to, the number of sales, the dollar amount of sales, the location of sales, the method(s) of acquisitions and sales, the existence of an office of identifiable, predictable, locatable situs for the delivery of inventory and the making of sales, the existence of a registered assumed business name, business cards, checks, business telephone

number and other indicia of holding out publicly as a buyer and seller of an identifiable, definable inventory."

Taxpayer states that he is satisfied with the statement of the Tax Court that "* * * any person or entity seeking the advantage of the exemption provision of ORS 307.400 needs to establish that there is an ongoing enterprise which consistently and systematically undertakes to acquire and then to sell inventory items." But taxpayer argues that the Tax Court failed properly to apply this test to the facts of this case, and instead created an exception to the exemption not found in the statute for "casual" sales. Taxpayer's position is that this distinction is improper because it focuses not on whether taxpayer engaged in continuous efforts to purchase and sell used equipment, but on the occasional nature of taxpayer's sales and the lack of formal "trappings" of a business operation. Taxpayer asserts that the court should have taken into account the business reasons for taxpayer's manner of operating his business.

■     We review under ORS 305.445, which provides that appeals from the Tax Court to this court "shall be in accordance with the procedure in equity cases on appeal from a circuit court." We thus review under ORS 19.125(3), which provides that "the cause shall be tried anew upon the record." *See Oregon Broadcasting Co. v. Dept. of Revenue,* 287 Or 267, 270-71, 598 P2d 689 (1979).

Taxpayer's case before the Tax Court consisted of testimony of himself and Mr. Cobb, president of Grizzly Manufacturing Company (Grizzly). This testimony indicates that taxpayer is a tree farmer but had also been a used equipment dealer for nineteen years. The tractors in dispute were moved to Grizzly Manufacturing Company where they were painted and counterbalances installed. Taxpayer used an office at Grizzly when he needed it and the tractors were displayed on the Grizzly lot and Grizzly advertised the tractors for sale. If Grizzly sold the tractors it would get ten percent commission. Taxpayer never used the tractors for his own use. However, one was used on two occasions on a trial basis for about a month each time by taxpayer's son, who was in the logging business. The son did not buy the tractor because it was not large enough. In addition to selling at Grizzly's, taxpayer sold out of his shop, which was located on

his residential property. He had no sign advertising the dealership business. Taxpayer also uses no business cards and belonged to no dealers' associations because he didn't believe this would help his business. He had no business phone. He had filed for and received the assumed business name of "Simpson Equipment Sales" in 1979; however he did not use this name in his advertisements.

Taxpayer had developed a technique of attending auctions, noting the bidders on equipment similar to his and then contacting the losing bidders to inform them that he had equipment for sale. Taxpayer submitted in evidence copies of five advertisements he had placed in industry publications between December, 1981 and May, 1983. He also submitted five receipts for advertising he had placed in newspapers between December, 1981 and July, 1982.

Taxpayer testified that he had bought and sold in 1978 and 1979 some two dozen or more major items which included "welders, mechanic trucks, compressors, turbo, truck frames for cats, a Ford tractor — a Massey tractor, farm tractor, and tree planter." Taxpayer stated he kept the tree planter to use in his own operation. However, at no time prior to 1981 did taxpayer file personal property tax returns with the county in which he claimed to be a used equipment dealer with an inventory.

Mr. Cobb testified that taxpayer's advertising is common in the business, that taxpayer's volume of business was consistent and that Grizzly had handled equipment of taxpayer's other than the tractors.

The Department presented only one witness, Mr. Cowdin, who was an appraiser-auditor for the personal property section of the Lane County tax assessor's office and who made the initial decision to disallow the tractors as inventory. Mr. Cowdin first saw the tractors in 1978 at taxpayer's shop. He had also seen one at Grizzly's and at the son's logging operation. The tractors had not been listed as inventory prior to the time a tax on inventory expired in 1980. Mr. Cowdin disallowed the exemption for the tractors because they had never been listed as inventory and because taxpayer's business showed "absolutely none of the postures of a dealer that we're familiar with."

■ The taxpayer has the burden to show that he comes within the exemption statute, *Roy L. Houck & Sons v. Tax Com.*, 229 Or 21, 366 P2d 166 (1961). We cannot say from this record that taxpayer has met that burden. The evidence showing that taxpayer had an ongoing enterprise was the testimony that he had been a used equipment dealer for nineteen years, that in 1978 and 1979 he had bought and sold some two dozen items, that he had advertised items for sale and made other contacts at auctions and that he had consigned items to Grizzly Manufacturing Company.

■ Other evidence, however, casts doubt on taxpayer's motivation to advertise after 1981 and renders uncertain the source of some of the items he listed for sale in the advertisements. We do not believe the fact that taxpayer had no business cards, no business phone and did not belong to any dealers' associations to be significant. Certainly one can engage in a legitimate "side-line" business without these incidentals. However, taxpayer has not convinced us that he has consistently and systematically undertaken to acquire and sell used equipment so that he is entitled to the exemption provided by ORS 307.400. We agree with the Tax Court that taxpayer was engaged in "casual sales conducted sporadically for profit" and not sale of equipment "in the ordinary course of business."

The Tax Court is affirmed.

**LENT, J.,** concurring.

I concur in the result reached by the majority on the evidence in this case.

I concur with the majority as to the lack of significance of the failure of the taxpayer to have business cards, a business telephone and membership in dealers' associations.

I do not agree with the majority that because one is engaged in "casual sales conducted sporadically for profit" one is necessarily foreclosed from being held to be selling one's stock "in the ordinary course of business."

A taxpayer's financial resources might well make it impossible for that taxpayer to do other than acquire some few items at a favorable price and to hold them until the taxpayer can turn a profit so as to acquire additional capital to purchase

more items for the same purpose. That the sales are "casual" or "sporadic," or both, may inhere in the limited business operation that the taxpayer can mount, but the items purchased by that taxpayer for resale are part of the stock in trade of that taxpayer "held for sale in the ordinary course of" that taxpayer's business.

Campbell, J., joins in this concurring opinion.