In re COLUMBIA RIVER BROADCASTING, INC., Debtor.

JOHN B. FRANZWA, INC.,
Trustee, Plaintiff,

v.

COMMUNITY GRESHAM BROADCASTING CORPORATION, an Oregon corporation; George O. DeWitz, an individual; Financial Factoring Corporation, an Oregon corporation; John E. Grant, an individual; GTE Leasing

Corporation; Key Bank of Oregon, an Oregon banking corporation; Multnomah County, Oregon; and Tualatin Valley Bank, an Oregon banking corporation, Defendants.

Bankruptcy No. 387–05943–S7.
Adv. No. 88–0520–S.

United States Bankruptcy Court,
D. Oregon.

Sept. 6, 1989.

David A. Foraker, Portland, Or., Trustee.

Paul G. Mackey, Portland, Or., for Multnomah County.

## MEMORANDUM GRANTING SUMMARY JUDGMENT TO PLAINTIFF

DONAL D. SULLIVAN, Bankruptcy Judge.

The parties filed cross-motions for summary judgment on the issue of the validity of Multnomah County's assessment of post-filing taxes on personal property of the estate. The litigants settled the issue of the validity of the County's assessment of pre-petition taxes and the appropriate valuation of the property. Summary judgment should be granted to the trustee. My reasons, which are based primarily upon the application of Oregon law, follow.

The remaining issue was considered in the light of *California State Board of Equalization v. Sierra Summit, Inc.,* — U.S. ——, 109 S.Ct. 2228, 104 L.Ed.2d 910 (1989). In *Sierra Summit,* the Supreme Court held that the State of California may constitutionally impose a non-discriminatory sales tax on a chapter 7 liquidation of a debtor's inventory. In so deciding, they reversed the Ninth Circuit's interpretation of 28 U.S.C. § 960. The Ninth Circuit had construed Section 960 to prohibit taxes on the activities of a non-operating trustee.

Oregon, probably as a result of its historical antipathy to a sales tax, does not tax "... personal property owned by or in possession of the taxpayer, that are or will become part of the stock in trade of the taxpayer held for sale in the ordinary course of business." O.R.S. 307.400(3)(f). The Oregon Supreme Court has held that allowance of the inventory exemption for casual or sideline sales of equipment under this statute depends upon whether the taxpayer has "consistently and systematically undertaken to acquire and sell" the personal property for which the exemption is claimed. *Simpson v. Depart. of Rev.,* 299 Or. 282, 702 P.2d 399, 402 (1985).

Classification of property as tax-exempt inventory may result from the taxpayer's conversion of its equipment into inventory held for resale before the July 1 assessment anniversary. O.R.S. 311.410(3). The Oregon Attorney General advised the legislature that such a conversion would occur

if a construction contractor "should discontinue the construction business and go into the business of selling used construction equipment using his own equipment as the nucleus of his inventory." 1984 Op. Att'y. Gen. # 5775 (Miller, 12–13–84). Similarly, local taxing authorities historically treated property owned by a liquidator as untaxable inventory "so long as that property is held for sale and does not become property used by the liquidator for the production of income." *See*, Christian affidavit filed by Multnomah County.

■ Inventory is property held for sale. The test is not who produced the property but for what purpose the property is held. *Grant Oil Tool Company v. United States*, 180 Ct.Cl. 620, 381 F.2d 389, 397–398 (1967); *Hollywood Baseball Association v. C.I.R.*, 423 F.2d 494, 502 (9th Cir.1970); *Drybrough v. C.I.R.*, 384 F.2d 715 (6th Cir.1967). Although this test was developed for the purpose of distinguishing a capital asset from inventory, it is a logical application of *Simpson* and is consistent with the Attorney General's pre-litigation interpretation of the statute in Opinion 5775. Property in a chapter 7 estate meets this test.

The filing of a voluntary chapter 7 bankruptcy imposes a drastic transformation on the debtor. The Code immediately transfers ownership of the debtor's property to a new entity under 11 U.S.C. § 541(a). The new entity is the bankruptcy estate. Unless an operating order under 11 U.S.C. § 721 interrupts the process, the debtor must stop operating the business and physically surrender all of the non-exempt property to the trustee under 11 U.S.C. §§ 521(4) and 542(a). The trustee, without an operating order, may not operate the debtor's business but must "collect and reduce to money the property of the estate" and close the estate "as expeditiously as is compatible with the best interests of parties in interest". 11 U.S.C. § 704(1). Absent an operating order, the only business of the estate is sales. The stock in trade of the estate is all of the debtor's non-exempt property. That stock in trade is held for sale in the ordinary course of

business within O.R.S. 307.400(3)(f). The non-operating trustee does not normally hold the property for the production of income in other respects.

If "regularly," as opposed to "sporadically," or "ordinary," as opposed to "extraordinary," must characterize the sales to qualify as exempt inventory, the estate meets these tests. Under *Simpson*, the individual taxpayer's purpose in holding and selling personal property governs application of the tests. A non-operating chapter 7 estate, which is the taxpayer, has liquidation by sale as its only purpose in holding the property. Given the single purpose existence of a non-operating estate, sales are necessarily regular and ordinary and non-sporadic for the entity involved.

The County's argument in support of a contrary result is that "business" referred to in O.R.S. 307.400(3)(f) describes the debtor's, rather than the trustee's, business and thereby confers the debtor's tax character upon the estate. While not without difficulty, the argument must be rejected for three reasons.

The first reason is that the County's argument fails to take into account what the estate actually does. The non-operating chapter 7 estate is simply not in the business of the debtor and normally cannot do what the debtor did. Like a corporate entity, the estate must be characterized by the activities mandated by law on the person who is in control, which is the trustee. A non-operating trustee cannot continue the debtor's business but must conduct a liquidation business. O.R.S. 307.400(3)(f) cannot ignore this without erecting a special rule for bankruptcy.

The second reason for rejecting the County's argument is that federal law, for purposes of the allowance of administrative taxes, as here, treats the estate as a separate taxable entity. 11 U.S.C. § 503(b)(1)(B)(i). Again, state law may not ignore this. The new entity does not retain the same tax characteristics as the debtor unless one were to block out the transformation from operation to liquidation imposed by federal law. The exceptions to this transformation also support the gener-

al rule which treats the chapter 7 estate as being in the liquidation business. One exception governs corporate income taxes under 11 U.S.C. §§ 346(c)(1) and 728, and the other exception governs the post-filing assessment of pre-petition priority taxes under 11 U.S.C. § 502(i).

A third reason to reject the County's interpretation is the possible discriminatory effect. If the County were to ignore the federally imposed transformation of a taxpayer's estate into a liquidation business, then a private liquidation business, as described in the Christian affidavit, would receive more favorable treatment under local tax law than a bankruptcy liquidation business. At the least, this strongly suggests discrimination within the prohibition noted in *Sierra Summit.* The Attorney General's latest opinion dealing with bankruptcy by not mentioning private liquidators dealt with in the earlier opinion seems to impermissibly suggest a less favorable rule for bankruptcy liquidation than for a private liquidation business.

The trustee in an operating chapter 7 case or the debtor-in-possession in a chapter 11 case does normally adopt the character of the debtor's business when he operates that business. As a consequence, he must pay taxes under 28 U.S.C. § 960 and 11 U.S.C. § 502(b)(1)(B)(i) on equipment and other personal property the same as the debtor. Application of the *Simpson* rules to the facts requires this result without the need under Oregon law of the statutory artifice suggested for liquidation cases. The County's argument that 11 U.S.C. § 363(b)(1) suggests that liquidation sales are not in the ordinary course of business because an order is unnecessary where the trustee operates the debtor's business, takes this subsection out of context. It is flawed by *Sierra Summit's* rejection of the Ninth Circuit's reasoning that because 28 U.S.C. § 960 authorizes taxation under one circumstance, it prohibits taxation under other circumstances. Congress's failure to characterize the business of a nonoperating trustee in 11 U.S.C. § 363(b)(1) does not mean that Congress intended that the estate, regardless of the facts, have no business for property tax purposes or that

the estate must adopt the debtor's business.

For the foregoing reasons, a separate judgment should be entered setting aside the assessment and the liens claimed by the County for personal property taxes assessed after the filing of the petition for relief under Title 11, United States Code.