In re SOUTHEAST BANKING
CORPORATION, Debtor.

Joel W. ROBBINS, as Dade County Property Appraiser, Fred Ganz, as Dade County Tax Collector, and the State of Florida Department of Revenue, Appellants,

v.

William A. BRANDT, Jr.,
Trustee, Appellee.

No. 94–0189–CIV.
Bankruptcy No. 91–14561–BKC–PGH.
Adv. No. 93–0492–BKC–PGH–A.

United States District Court,
S.D. Florida.

Feb. 15, 1995.

Melinda S. Thornton, Asst. County Atty., Miami, FL, for appellants.

Arthur J. England Jr., Mark D. Bloom, Roberto R. Pupo, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for appellee.

ARONOVITZ, District Judge.

### FINAL ORDER (1) AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR REHEARING, DATED DECEMBER 8, 1993, AND (2) AFFIRMING BANKRUPTCY COURT'S FINAL JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW, DATED JANUARY 4, 1994

BEFORE THIS COURT is an appeal from the (1) Bankruptcy Court's Order Granting Plaintiff's Motion for Rehearing, dated December 8, 1993, and (2) Bankruptcy Court's Final Judgment and Findings of Fact and Conclusions of Law, dated January 4, 1994.

This Court heard oral argument on the appeal on December 29, 1994, and has carefully considered all briefs submitted on appeal, oral argument of counsel, the entire record, applicable law and is otherwise fully advised in the premises. For the following reasons, it is **ORDERED AND ADJUDGED** that:

1. Bankruptcy Court's Order Granting Plaintiff's Motion for Rehearing, dated December 8, 1993, is hereby **AFFIRMED in its entirety.**

2. Bankruptcy Court's Final Judgment and Findings of Fact and Conclusions of Law, dated January 4, 1994, is hereby **AFFIRMED in its entirety.**

### Factual and Procedural Background

Southeast Banking Corporation ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 20, 1991. The Debtor was the holding company of Southeast Bank, N.A. and Southeast Bank of West Florida prior to the declaration of insolvency and seizure of the Banks by federal and state regulators on September 19, 1991.

Over a twenty year period dating back to the early 1970's, Debtor acquired a collection of over 4,000 paintings, prints, photographs, sculptures, lithographs and other works of art. (collectively the "Artwork") Subsequent to the petition date, the Dade County Tax Collector assessed the Artwork at $4,535,281.00 and imposed ad valorem taxes of $143,325.31 for the 1992 tax year.

Prior to the date the 1992 taxes became delinquent, William A. Brandt, Jr. ("Trustee") sought a re-characterization of the Artwork as inventory held for sale and thus exempt from ad valorem taxation pursuant to Florida Statute § 196.185.[1] Joel W. Robbins, as Dade County Property Appraiser, Fred Ganz, as Dade County Tax Collector, and the State of Florida Department of Revenue (collectively, the "County") declined to accept the Trustee's request for such a re-characterization of the Artwork and declined to withdraw their tax assessment. A post-petition statutory lien was imposed upon the Artwork pursuant to Florida Statute § 197.122, effective January 1, 1992. When the 1992 tax bill was not paid by April 1, 1993, the tax lien became enforceable.

On May 13, 1993, Trustee commenced an adversary proceeding against County seeking a determination that the ad valorem tax assessment on the Artwork for the 1992 tax year was invalid and the related tax lien subject to avoidance.

---

1. Florida Statute 196.185 provides: "All items of inventory are exempt from ad valorem taxation."

The primary issue was whether the Artwork was "tangible personal property" [2] subject to ad valorem taxation, or whether the Artwork was "inventory" [3] and therefore exempt from taxation pursuant to Florida Statute § 196.185. The Trustee and County filed cross-motions for summary judgment in July 1993 as the facts in this case were not in dispute.

### Judge Weaver's Rulings

On August 23, 1993, United States Bankruptcy Judge Sidney M. Weaver held a hearing on this matter and requested the parties to file supplemental memoranda and a stipulation of facts. By way of conference call on September 24, 1993, Judge Weaver announced his ruling in favor of the Trustee.

However, on September 29, 1993, Judge Weaver initiated a second conference call inquiring as to whether the parties had made any progress in reaching a settlement. Upon being advised that no settlement had been reached, Judge Weaver stated that he decided to change his earlier ruling in favor of the Trustee, and instead was ruling in favor of the County. At Judge Weaver's direction, counsel for County submitted a Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment, along with a Final Judgment. On September 30, 1993, Judge Weaver signed both the Memorandum Opinion and Final Judgment.

On October 13, 1993, Trustee filed a Motion for Rehearing. This motion was considered by United States Bankruptcy Judge Paul G. Hyman, Jr. due to Judge Weaver's retirement.

### Judge Hyman's Rulings

At the hearing on Trustee's Motion for Rehearing, Judge Hyman raised *sua sponte* the issue of whether Trustee's Motion had been timely filed. The record indicated that Judge Weaver signed both the Memorandum Opinion and Final Judgment on September 30, 1993, however, said documents were docketed on different dates. The Final Judgment was entered on the bankruptcy docket on October 1, 1993, while the related Memorandum Opinion was entered on the bankruptcy docket on October 4, 1993. Trustee's Motion for Rehearing was filed on October 13, 1993 within ten-days from entry of the Memorandum Opinion, not within ten-days from entry of the Final Judgment.

By Order Granting Rehearing, dated December 8, 1993, Judge Hyman determined that Trustee's Motion for Rehearing was timely filed due to the separate docketing entries of the Judgment and related Memorandum Opinion, and due to the uncertain communications received from the clerk's office. Judge Hyman further found that manifest errors of law existed with regard to Judge Weaver's Order. Judge Hyman instructed the parties to submit proposed findings of fact and conclusions of law within ten days of the Order Granting Rehearing.

Thereafter, on January 4, 1994, Judge Hyman issued Findings of Fact and Conclusions of Law and a Final Judgment in favor of the Trustee holding that the Artwork was "inventory" exempt from ad valorem taxation under Florida law. Judge Hyman further found the statutory lien imposed upon the Artwork avoidable under 11 U.S.C. § 549(a). County appeals.

### Standard of Review

In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo*

---

**2.** "Tangible personal property" is defined as "goods, chattels and other articles of value ... capable of manual possession and whose chief value is intrinsic to the article itself." Florida Statute § 192.001(11)(d).

**3.** "Inventory" is defined as "goods, wares and merchandise (as well as inventory) which are held for sale or lease to customers in the ordinary course of business." Florida Statute 192.001(11)(c).

review. *In re Chase & Sanborn Corp.,* 904 F.2d at 593; *In re Sublett,* 895 F.2d 1381 (11th Cir.1990).

 While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.,* 99 B.R. 682, 684 (D.Md.1989), *affirmed,* 892 F.2d 26 (4th Cir.1989); *citing, In re Hunter Sav. Ass'n.,* 34 B.R. 368, 374 (S.D.Ohio 1983), *reversed on other grounds,* 750 F.2d 536 (6th Cir.1984); *In re Hollock,* 1 B.R. 212, 215 (M.D.Pa.1979). This Court has applied the appropriate standard of review to the issues presented in this case.

### County's Arguments on Appeal

First, County argues that Judge Hyman lacked jurisdiction to rehear Judge Weaver's earlier order because Trustee's Motion for Rehearing was untimely filed. County argues that Trustee's Motion for Rehearing was due within ten-days from entry of Judge Weaver's Final Judgment on the docket on October 1, 1993, not within ten-days from entry of the related Memorandum Opinion on October 4, 1993.

County argues that Judge Hyman was powerless to enlarge this time limit and it was error for him to conclude that the Court "will equitably consider the plaintiff's motion for rehearing timely filed." *See, Order Granting Rehearing,* at 4. County asserts that equitable exceptions are not available in this instance. *Citing,* Fed.R.Bank.P. 9023.[4] County argues that entry of the Judgment on the docket was clearly noted by the clerk and it was Trustee's burden to monitor the docket. Failure to ascertain the date of entry of the Judgment was Trustee's fault.

Next, County argues that Judge Weaver's Judgment did not contain any manifest errors of law and, as such, Judge Hyman erred in reconsidering said Judgment. In referring to Judge Weaver's Judgment, Judge Hyman stated "manifest errors of law were made." *See, Order Granting Rehearing,* at 5. However, County argues that Judge Hyman failed to point out what those errors were. County contends that Judge Weaver was familiar with this issue and knew what he was signing. As this issue is one of first impression (whether the Artwork is "inventory"), County submits it was inappropriate for Judge Hyman to second guess Judge Weaver's decision.

County argues that this Court must examine whether, as of the January 1, 1992, the Artwork constituted "goods, wares, and merchandise (as well as inventory) ... held for sale or lease to customers in the ordinary course of business" to qualify it as tax-exempt inventory. Florida Statute 192.001(11)(c). Prior to the bankruptcy filing, both County and Trustee agree that the Artwork was taxable "tangible personal property." However, County argues that upon the opening of the Chapter 7 estate, the character of the Artwork did not change in a way that would automatically cause it to be reclassified as "inventory" exempt from taxation.

In particular, County argues that on January 1, 1992, the only activity being conducted by Trustee was its effort to gather and catalog the Artwork. As of January 1, 1992, County contends that Trustee was not even remotely ready to sell the Artwork to customers in the ordinary course of business, nor had Trustee made a decision as to the manner of the Artwork's future sale. As of February 1994, the Artwork remained in storage.

County argues that the "actual use" of the Artwork on the assessment date (January 1, 1992), rather than its "intended use" controls whether the Artwork qualifies for exemption from ad valorem taxes. *Citing, Dade County Taxing Authorities v. Cedars of Lebanon*

---

4. Fed.R.Bank.P. 9023 makes applicable in bankruptcy cases Rule 59, Fed.R.Civ.P. which provides in relevant part that:

(b) A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

*Hospital Corp., Inc.,* 355 So.2d 1202 (Fla. 1978).

County argues that Judge Hyman misapplied *City of Sarasota v. Mikos,* 374 So.2d 458 (Fla.1979) by accepting Trustee's position that the Florida Supreme Court receded from the "actual use" doctrine in *Mikos.* County states *Mikos* reaffirmed the "actual use" doctrine in *Cedars,* but granted a tax exemption as to municipally-owned vacant land. County submits *Mikos* is limited to municipal or public purpose type cases. In our case, Trustee submits that the "actual use" of the Artwork on January 1, 1992 was its transfer to the storage warehouse and related cataloging. The Artwork was not available for sale on January 1st. County argues that it was not until 1993 that 49 pieces were auctioned outside the ordinary course of business. County asserts that it is not enough that the only purpose for holding the Artwork will be for its eventual sale. Rather, the test is what is being done with the property on the assessment date. County contends that the status of the Artwork on January 1, 1992, does not fit Florida's definition of "inventory".

County states that *In re Columbia River Broadcasting, Inc.,* 106 B.R. 666 (Bank.D.Or. 1989) relied on by Judge Hyman is distinguishable on its facts and policy. County maintains that Florida law governs, not Oregon law or *Columbia River.* County requests that this Court (1) vacate Judge Hyman's Final Judgment, Findings of Fact and Conclusions of Law in favor of Trustee, (2) affirm Judge Weaver's earlier Judgment in favor of County and (3) remand to the Bankruptcy Court issues raised in Count III of Trustee's complaint with instructions that the Bankruptcy Court hear County's application for payment of administrative taxes and then dispose of Count III.

### *Trustee's Arguments on Appeal*

As noted herein, Trustee and County agreed that the Artwork was "tangible personal property" subject to ad valorem taxation prior to the bankruptcy filing. However, Trustee argues that in the months following the bankruptcy filing, the Artwork was transformed from personal property to inventory, exempt from taxation by virtue of the change in the Artwork's character and use.

In particular, Trustee asserts that prior to bankruptcy, the Artwork was used and displayed to enhance the aesthetic environment of the 270 branches and Miami corporate headquarters of Southeast Bank and its affiliates. Immediately upon the bankruptcy filing, the Artwork was removed from Southeast's branches and headquarters and has been held for sale in accordance with the Trustee's responsibility to liquidate the property of the estate pursuant to 11 U.S.C. § 704(1).[5] The transformation of the Artwork's character and use therefore occurred as a matter of bankruptcy law, as well as by the original Trustee and curator's effort to assemble, catalog and prepare the Artwork for sale.

Trustee argues that at all times since the Artwork was delivered to the "fortress" warehouse [6] in late 1991, the Artwork has been "held for sale" in the course of business of liquidating the estate, and the record offers no evidence that it has been held or used for any other purpose. Trustee argues that the Artwork in the hands of the Trustee constitutes inventory held for sale and exempt from taxation.

Trustee states that *Columbia River, supra,* is the only published decision on this precise issue. *Columbia River* held as a matter of law that the property of a non-operating Chapter 7 estate constituted "inventory" exempt from taxation. Trustee relies on *Columbia River* for the proposition that property held by a bankruptcy estate in liquidation for no other purpose other than sale is exempt from ad valorem taxation as inventory. Trustee argues that County's attempt to distinguish *Columbia River* is misleading and should not be followed.

---

5. Trustee submits that the primary duty of a bankruptcy trustee under 11 U.S.C. § 704(1) is to "collect and reduce to money the property of the estate," including the Artwork in this case.

6. The "fortress" warehouse is indicated to be a museum quality storage facility located in downtown Miami.

Trustee argues that Judge Hyman properly ruled that the tax lien imposed by County was avoidable pursuant to 11 U.S.C. § 549(a). Section 549(a)(2)(B) provides that "the trustee may avoid a transfer of property of the estate that is not authorized under this title or by the court." Trustee argues that since the attachment of the tax lien against property of the estate constituted a post-petition "transfer of property" not authorized by the Bankruptcy Court or Title 11, the lien was avoidable under Section 549(a). *Citing, In re Pointer,* 952 F.2d 82 (5th Cir.1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992); *In re Timberline Property Development, Inc.,* 115 B.R. 787 (Bankr. D.N.J.1990). Trustee argues that this must be the result where the underlying tax obligation on which the post-petition lien is predicated is not due and owing because the Artwork was exempt from taxation as inventory held for sale.

Trustee argues that Judge Hyman properly exercised his discretion to grant rehearing of Judge Weaver's Order because Judge Weaver's Order (1) failed to address all issues of law raised in the Trustee's adversary complaint, (2) the rationale for the Order (i.e. an unexplained distinction between "inventory" and "property of the estate") made no sense, and (3) the process by which Judge Weaver's announced ruling became a lengthy memorandum opinion and order was fundamentally unfair. Moreover, Trustee asserts the Bankruptcy Court's decision to grant rehearing is reviewed on an abuse of discretion standard. *Citing, O'Neal v. Kennamer,* 958 F.2d 1044 (11th Cir.1992); *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237 (11th Cir.1985). Under this standard, Trustee submits that Judge Hyman's decision need only be reasonable in order to be upheld on appeal. Trustee asserts that Judge Hyman's decision to grant rehearing was reasonable under the circumstances of this case.

Trustee argues that its Motion for Rehearing was timely filed because Judge Weaver's Order was non-final as it only addressed Count I of Trustee's complaint.[7] (i.e. whether the Artwork was "inventory" and exempt from taxation) Judge Weaver's Order did *not* address Count's II and III of Trustee's complaint dealing with the post-petition statutory lien.[8] Judge Weaver's Order thereby remained "subject to revision at any time before the entry of judgment adjudicating all the claims ..." Fed.R.Civ.P. 54(b). Trustee notes that all claims were finally adjudicated by Judge Hyman's subsequent Final Judgment and Findings of Fact and Conclusions of Law.

Moreover, Trustee argues that the Motion for Rehearing was filed within ten-days of entry of an appealable Order. The Motion for Rehearing was filed on October 13, 1994. Judge Weaver's Memorandum Opinion and Order was entered on the bankruptcy docket on October 4, 1993, and the separate Judgment required by Fed.R.Civ.P. 58, as made applicable by Fed.R.Bank.P. 9021, was entered on the docket 3 days earlier on October 1, 1993. Trustee submits that since the Memorandum Opinion and Order granted relief separate from the related Judgment, Judge Weaver's Order was not final and appealable until October 4, 1993. Moreover, Trustee claims that this error in docketing by the clerk should not be imputed to the Trustee.

Accordingly, Trustee requests that this Court (1) affirm Judge Hyman's Final Judgment Granting Plaintiff's Motion for Final Summary Judgment and Denying Defendants' Motion for Final Summary Judgment, dated January 4, 1994, and (2) affirm Judge Hyman's Order Granting Plaintiff's Motion for Rehearing, dated December 8, 1993.

### Discussion

### *Judge Hyman's Order Granting Plaintiff's Motion for Rehearing was proper under the circumstances of this case*

This Court has carefully reviewed Judge Weaver's Judgment and Memorandum Opinion and finds that Judge Weaver failed to

---

**7.** Count I of Trustee's complaint is entitled "Action for Declaratory Relief Relating to Tax Assessment and Validity of Tax Lien."

**8.** Count II of Trustee's complaint is entitled "Action to Avoid Statutory Lien." Count III is entitled "Action to Avoid Post–Petition Transfer."

address all issues raised in Trustee's adversary complaint. While Judge Weaver ratified the tax assessment, he failed to address Counts II and III of Trustee's complaint dealing with whether the tax lien imposed on the Artwork was avoidable under 11 U.S.C. §§ 545, 549(a) and 550.[9] Accordingly, Judge Weaver's Judgment remained non-final and **"subject to revision at any time before the entry of judgment adjudicating all the claims ..."** (emphasis added) Fed.R.Civ.P. 54(b). All claims were eventually and finally adjudicated by Judge Hyman's subsequent Final Judgment and Findings of Fact and Conclusions of Law, dated January 4, 1994.

■ The Bankruptcy Court's decision to grant rehearing is reviewed on an abuse of discretion standard. *Davis v. Wal–Mart Stores, Inc.*, 967 F.2d 1563, 1566 (11th Cir. 1992) (the standard of review for a district court's disposition of a motion for new trial is abuse of discretion). The Court finds that Judge Hyman did not abuse his discretion by granting Trustee's Motion for Rehearing since his decision was based in part upon the finding "that manifest errors of law were made in this case based upon the record before the Court." *See, Order Granting Rehearing,* at 5. While Judge Hyman does not specify what particular errors of law were made by Judge Weaver, this Court finds that Judge Weaver's failure to adjudicate all claims in the first Judgment constituted such a manifest error of law so as to require Judge Hyman, as successor judge, to rehear the matter.[10] *See, In re Devault Mtg. Co.,* 4 B.R. 382, 385 (Bankr.E.D.Pa.1980) (there are three grounds for granting a new trial under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence [citations omitted] ); *In re Tiffany Square Associates, Ltd.,* 104 B.R. 438 (Bankr.M.D.Fla.1989). Accordingly, this Court affirms Judge Hyman's Order Granting Rehearing.

### *Judge Hyman's Final Judgment, Findings of Fact and Conclusions of Law Granting Plaintiff's Motion for Final Summary Judgment is correct and supported by law*

■ The issue of whether the Artwork constitutes "inventory" is purely a legal issue subject to this Court's *de novo* review. Therefore, the Court has reviewed this issue *de novo,* with appropriate deference to Judge Hyman's factual findings. Contrary to Judge Weaver's ruling, Judge Hyman specifically found that:

> Upon consideration of the legal arguments and facts presented to the Court, the Court finds that the Artwork was indeed "inventory" of Debtor's Chapter 7 estate as of January 1, 1992, the effective date of the tax assessment. Therefore, it was exempt from taxation pursuant to Florida Statute § 196.185. Contrary to Defendants' claim, the Artwork was in fact being held for sale by the Trustee as of January 1, 1992. Accordingly, the Artwork does not fall within Dade County's ad valorem personal property taxing structure. *See, Judge Hyman's Findings of Fact and Conclusions of Law,* at 4–5.

Judge Hyman found that after the bankruptcy filing, the character and use of the Artwork changed in that it "was collected, stored and maintained for the sole purpose of sale." *See, Judge Hyman's Findings of Fact and Conclusions of Law,* at 5. Judge Hyman further stated:

> The fact that the Artwork was not actually sold on January 1, 1992 does not temper this Court's finding that the Artwork was held for sale on such date and that at all times since the Petition Date the Trustee's sole use of and purpose for holding the Artwork has been to sell the Artwork and produce income for the Debtor's Chapter 7 estate and its creditors. *See, Judge Hyman's Findings of Fact and Conclusions of Law,* at 5.

---

9. It should be noted that on December 20, 1993, Trustee filed a Notice of Voluntary Dismissal of Count II of its complaint.

10. This ·Court need not determine the issue of whether or not Trustee's Motion for Rehearing was filed within 10 days from entry of Judge Weaver's Judgment because the Court finds that Judge Weaver's Judgment remained non-final and **"subject to revision at any time before the entry of judgment adjudicating all the claims ..."** (emphasis added) Fed.R.Civ.P. 54(b).

Judge Hyman relied upon *Columbia River, supra,* where a Chapter 7 trustee challenged a tax assessment on personal property. *Columbia River* held that the property was exempt as "inventory" and focused upon the change in the nature of property in the hands of a Chapter 7 trustee. The Court noted that the sole business of a bankruptcy trustee was sales and reducing the property of the estate to money and that the nature of property in his possession was inventory for sale. *Columbia River* is not binding upon this Court. However, this Court agrees with Judge Hyman that "the value of the Oregon decision lies in its discussion of the duties of a Chapter 7 trustee and the use and character of property of the estate as mandated by the Bankruptcy Code." *See, Judge Hyman's Findings of Fact and Conclusions of Law,* at 7.

Judge Hyman rejected County's contention that the Artwork was not "actually" or "actively" being sold on January 1, 1992 stating that:

> Since all actions taken with respect to the Artwork were for the purpose of sale and liquidation, and the Trustee could have no other purpose in holding the Artwork pursuant to Section 704(1) of the Bankruptcy Code, to suggest that the Trustee was not holding the Artwork for sale is simply not supported by the record. *See, Judge Hyman's Findings of Fact and Conclusions of Law,* at 8.

This Court agrees with Judge Hyman's legal conclusion that the Artwork in the hands of the Trustee fits the definition of "inventory" and that Florida Statute § 192.001(11)(c) does not require that the property actually be "sold" on the tax assessment date. Rather, all that is required is that the Artwork be "held for sale" on that date. Accordingly, this Court affirms Judge Hyman's Final Judgment, Findings of Fact and Conclusions of Law.

In summary and for the reasons set forth herein, it is **ORDERED AND ADJUDGED** that:

1. Bankruptcy Court's Order Granting Plaintiff's Motion for Rehearing, dated December 8, 1993, is hereby **AFFIRMED in its entirety.**

2. Bankruptcy Court's Final Judgment and Findings of Fact and Conclusions of Law, dated January 4, 1994, is hereby **AFFIRMED in its entirety.**

DONE AND ORDERED.